# STATE OF LOUISIANA
# COURT OF APPEAL, THIRD CIRCUIT

## 17-801

KATHERINE LEIGH HENSON DAWES

VERSUS

DUSTIN ALLEN DAWES, ET AL

\*\*\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF ST. MARTIN, NO. 83096
HONORABLE LEWIS H. PITMAN, JR., DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*
## SYLVIA R. COOKS
## JUDGE
\*\*\*\*\*\*\*\*\*\*\*\*

Court composed of Sylvia R. Cooks, Billy Howard Ezell, and D. Kent Savoie, Judges.

## REVERSED AND REMANDED WITH INSTRUCTIONS.

**Bradford H. Felder**
**Veazey, Felder & Renegar, L.L.C.**
**2 Flagg Place**
**Lafayette, LA 70508**
**(337) 234-5350**
**COUNSEL FOR APPELLANT:**
     **Dustin Allen Dawes**

**R. Shane McCormick**
**McCormick Law Firm**
**412 W. University Avenue**
**Lafayette, LA 70506**
**(225) 889-0529**
**COUNSEL FOR APPELLEE:**
     **Katherine Leigh Henson Dawes**

**COOKS, Judge.**

The father in this matter, Dustin Allen Dawes, appeals the trial court's decree of custody and visitation as to his two minor children, Sutton Elizabeth Dawes, born on June 2, 2014, and Deacon Everett Dawes, born on August 5, 2015. The appellee in this matter is the mother, Katherine Henson Dawes.

The facts establish the parties entered into a temporary custody order by consent on September 25, 2015, when Sutton was seventeen months old and Deacon was one month old. The consent judgment specifically reserved each parties' right to seek a judicial modification.

Dustin sought additional visitation by rule filed on April 22, 2016. On May 10, 2016, a hearing officer recommended a custodial schedule by which Dustin would have visitation periods with Sutton every other weekend from Friday at 6:00 p.m. until Sunday at 6:00 p.m., and every Wednesday from 6:00 p.m. until the following morning (Thursday) at 8:00 a.m. As to Deacon, Dustin was to have visitation every other weekend from Saturday at 9:00 a.m. until Sunday at 6:00 p.m. and alternating Wednesdays from 6:00 p.m. until the following morning (Thursday) at 8:00 a.m. Beginning on December 16, 2016, the visitation periods for Deacon would be the same as that for the older child, Sutton.

Both parties objected to the hearing officer's recommendations and the matter was set for a trial court hearing on June 21, 2016. As noted by Dustin, the transcript revealed no evidence was presented that would suggest the custodial periods granted to Dustin should be limited. The trial court specifically noted that "it is very obvious to the Court that both of these parents are very good parents, very caring parents and love their children very much."

Following the brief hearing, the trial court awarded joint custody, naming Katherine as domiciliary parent. Visitation was outlined allowing Dustin visitation with Sutton every other weekend from Friday at 6:00 p.m. until Sunday at 6:00

p.m., and every other Wednesday from 6:00 p.m. until the following morning (Thursday) at 8:00 a.m. As to Deacon, Dustin was to have visitation every other Saturday from 9:00 a.m. until 6:00 p.m. and the following Sunday from 9:00 a.m. until 6:00 p.m. Dustin was also allowed visitation with Deacon every other Wednesday from 6:00 p.m. until the following morning (Thursday) at 8:00 a.m. the following morning (Thursday) at 8:00 a.m. Beginning on December 1, 2016, the visitation periods for Deacon would be the same as that for the older child, Sutton. Judgment was signed on February 6, 2017. The trial court also entered a Joint Custody Implementation Plan dated March 7, 2017, outlining holiday custodial periods and other incidental matters.

Dustin filed a motion for new trial on May 14, 2017, arguing the amount of visitation granted to him was legally insufficient. Dustin noted, despite the trial court finding him to be a very good, caring parent, who loved his children very much, he was awarded custodial periods totaling just sixty-two days per year. After a hearing, the trial court denied the motion for new trial.

This appeal followed, wherein Dustin asserted the trial court erred in not ordering shared custody as the evidence established it was in the best interests of the children. Alternatively, Dustin argued the sixty-two days per year of visitation he was granted does not assure frequent and continuing contact with both parents as set forth in La.R.S. 9:335(A)(2)(a).

## ANALYSIS

It is well settled in the statutory law and jurisprudence that the best interest of the child is the paramount consideration in determining child custody. La.Civ.Code art. 131; *Evans v. Lungrin*, 97-541, 97-577 (La. 2/6/98), 708 So.2d 731; *Moss v. Goodger*, 12-783 (La.App. 3 Cir. 12/12/12), 104 So.3d 807.

In this case, while appearing at oral argument before this court, counsel for Katherine agreed that the amount of visitation granted to Dustin was not sufficient

to assure the frequent and continuing contact with both parents as required by La.R.S. 9:335(A)(2)(a). This court is also in agreement, after reviewing the record, that the trial court's award of visitation to Dustin was not sufficient. Thus, we find the trial court abused its discretion in awarding Dustin insufficient visitation and reverse the judgment of the trial court and rescind the Joint Custody Implementation Plan dated March 7, 2017.

While at oral argument, counsel for both Dustin and Katherine indicated they believed a joint stipulation as to custody and visitation could be amicably reached. To that end and satisfied that both parties were commendably seeking a solution in the best interests of the two minor children, this court allowed the parties time to confer in an attempt to reach an agreement amenable to both Katherine and Dustin.

A short time thereafter, and with the agreement of both Dustin and Katherine, counsel for both parties stipulated before this court they had reached agreement on custody and visitation. Counsel for Dustin read the parties' agreement to this court. In conjunction with that, several days later a Joint Custody Implementation Plan was mailed to this court on February 9, 2018, signed by Dustin, Katherine and both counsels of record. The plan set forth that Katherine and Dustin would share joint custody of the children, with Katherine as domiciliary parent. The plan then set out a visitation schedule which sufficiently assures frequent and continuing contact with both parents as required by La.R.S. 9:335(A)(2)(a). Accordingly, we will remand this case to the trial court for the approval and entry of the Joint Custody Implementation Plan submitted to this court on February 9, 2018.

**DECREE**

For the foregoing reasons, the judgment of the trial court is reversed. The case is remanded for the approval and entry into the record of the Joint Custody

4

Implementation Plan of February 9, 2018, agreed to and signed by both parents and their attorneys.  All costs of this appeal are assessed equally to the parties.

**REVERSED AND REMANDED WITH INSTRUCTIONS.**

5