STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2020 CU 0364

KAYLA JOSEPHINE AUCOIN

VERSUS

JOHN MICHAEL WEAVER

Judgment Rendered: **NOV** 0 6 2020

* * * * * *

On Appeal from the Twenty-Second Judicial District Court
In and for the Parish of St. Tammany
State of Louisiana
Docket No. 2019-11499

Honorable Dawn Amacker, Judge Presiding

* * * * * *

Antonio LeMon                          Counsel for Plaintiff/Appellee
Covington, Louisiana                   Kayla Josephine Aucoin


Sarabeth T. Bradley                    Counsel for Defendant/Appellant
Shelia M. O'Connor                     John Michael Weaver
Robert T. Binney
Covington, Louisiana

* * * * * *

BEFORE: GUIDRY, McCLENDON, AND LANIER, JJ.

**McCLENDON, J.**

In this custody case, the defendant appeals the trial court's judgment that granted the parents joint custody and named the plaintiff the domiciliary parent. The defendant appeals that portion of the judgment regarding the specific custodial time allocated to him with his minor child. For the reasons that follow, we reverse in part and remand.

### FACTS AND PROCEDURAL HISTORY

Kayla Josephine Aucoin and John Michael Weaver are the parents of a minor child, born on June 14, 2018. Ms. Aucoin and Mr. Weaver never married, but they resided together in Slidell until March 2019, when Ms. Aucoin and the child moved out of Mr. Weaver's home and into her parents' home, also in Slidell. Shortly thereafter, Ms. Aucoin filed a petition for custody and child support, and, in response, Mr. Weaver filed an answer and reconventional demand. Both parties requested joint custody of the minor child.

On April 1, 2019, Mr. Weaver filed an ex parte motion for custody, asserting that Ms. Aucoin had denied him any visitation with his child.[1] Thereafter, on April 10, 2019, at the hearing for the ex parte motion, the parties agreed to a stipulated judgment allowing Mr. Weaver visitation with the minor child, pending the upcoming hearing officer conference scheduled for May 22, 2019. The interim order provided for the following physical custody schedule for Mr. Weaver:

- Monday, Wednesday, and Friday from 5 p.m. until 8 p.m.

- Thursday from 9 a.m. until 6 p.m.

- Sunday from 9 a.m. until 6 p.m.

The order further provided that, beginning on May 8, 2019, Mr. Weaver was entitled to one overnight custodial period per week from 5 p.m. on Wednesday until 6 p.m. on Thursday. The interim order was signed on May 23, 2019.

Following the hearing officer conference, on May 22, 2019, the hearing officer recommended, *inter alia*, that the parties share joint custody, with Ms. Aucoin being

---

[1] Mr. Weaver has alleged that he was not permitted to see his child for twenty-five days.

designated as the domiciliary parent. The hearing officer also recommended the following physical custody schedule for Mr. Weaver:

- Monday from 5 p.m. to 10 a.m. on Tuesday

- Wednesday from 5 p.m. to Thursday at 5 p.m.

- Saturday from 5 p.m. to Sunday at 5 p.m.

Additionally, the hearing officer recommended that the parties alternate holidays and be given summer options beginning in the summer of 2020 when the child reached two years of age. On June 12, 2019, the trial court signed an order making the recommendations of the hearing officer the temporary orders of the court pending the hearing scheduled for June 20, 2019. Both parties filed objections to the hearing officer conference report.

On June 20, 2019, the family court tried the matter, hearing testimony from both parents as well as the maternal grandmother.[2] At the conclusion of the hearing, the trial court granted the parties joint custody, with Ms. Aucoin being designated as the domiciliary parent. The court further awarded Mr. Weaver physical custody of the minor child, until the child reaches the age of three years, as follows:

- One overnight visit per week, which night was to be agreed upon by the parties, or in default thereof, on Thursdays from 6 p.m. until Friday at 6 p.m., if Mr. Weaver was not working, or until 8 a.m. on Friday if Mr. Weaver was working; and

- Two afternoon visits per week to be agreed upon by the parties, or in default thereof, on Monday and Wednesday of each week from 5 p.m. to 8 p.m.

The trial court also ordered that upon the minor child reaching the age of three, Mr. Weaver would be entitled to a second overnight visitation to be added on alternating weeks to be agreed upon by the parties, or in default thereof, from Friday after work until Sunday at 6 p.m. on alternating weekends and on the weeks that Mr. Weaver did not have the overnight weekend visitation, he would have overnight

---

[2] Also before the trial court on June 20, 2019, was the rule for child support, which was continued to a later date.

visitation on Thursday at 6 p.m. until Friday at 5 p.m., if Mr. Weaver was not working, or until 8 a.m. on Friday if he was working. Additionally, Mr. Weaver would be entitled to one visitation each week to be agreed upon by the parties, or in default thereof, on Tuesday from 5 p.m. to 8 p.m.[3] Also, upon the child reaching three years, a vacation schedule would be added.

The judgment was signed on October 3, 2019, and Mr. Weaver appealed.

## DISCUSSION

Generally, the trial court is vested with broad discretion in deciding child custody cases. Great deference is accorded to the decision of the trial court, because it has a better opportunity to evaluate the credibility of witnesses. **Martello v. Martello**, 06-0594 (La.App. 1 Cir. 3/23/07), 960 So.2d 186, 191. Every custody case must be considered within its own particular set of facts and circumstances, and the trial court is in the best position to ascertain the best interests of the child, which is the paramount consideration in determining child custody, given the unique set of circumstances involved in each case. See LSA–C.C. art. 131; **Harang v. Ponder**, 09-2182 (La.App. 1 Cir. 3/26/10), 36 So.3d 954, 960, writ denied, 10-0926 (La. 5/19/10), 36 So.3d 219. Accordingly, the trial court's determination regarding child custody is entitled to great weight and will not be disturbed on appeal absent a clear abuse of discretion. **Harang**, 36 So.3d at 960.

In his assignment of error, Mr. Weaver contends that the trial court abused its discretion by ordering implementation of a custodial plan that does not allow for frequent and continuing contact by both parents in accordance with LSA-R.S. 9:335. Louisiana Revised Statutes 9:335 provides, in pertinent part:

> A. (1) In a proceeding in which joint custody is decreed, the court shall render a joint custody implementation order except for good cause shown.
>
> (2)(a) The implementation order shall allocate the time periods during which each parent shall have physical custody of the child so that **the child is assured of frequent and continuing contact with both parents.**

---

[3] We note that Mr. Weaver is entitled to physical custody of his child rather than visitation as stated by the trial court.

4

(b) To the extent it is feasible and in the best interest of the child, physical custody of the children should be shared equally.

\* \* \*

B. ... (2) The domiciliary parent is the parent with whom the child shall primarily reside, but the other parent shall have physical custody during time periods that **assure that the child has frequent and continuing contact with both parents.**

(Emphasis added). Thus, when parents share joint custody of their children, LSA-R.S. 9:335 requires an implementation order, except for good cause shown, which allocates the party's custodial time periods, as well as the legal authority and responsibility of the parents. **Olivier v. Olivier**, 11-0579 (La.App. 1 Cir. 11/9/11), 81 So.3d 22, 32. The statute requires frequent and continuing contact with both parents, and to the extent that it is feasible and in the best interest of the child, that physical custody of the child be shared equally. However, the law does not mandate equal sharing and the trial court is imbued with much discretion in the determination of what constitutes feasible, reasonable time periods of physical custody. The paramount consideration is always the best interest of the child. **Id.; Stephens v. Stephens**, 02-0402 (La.App. 1 Cir. 6/21/02), 822 So.2d 770, 777.

At trial, Ms. Aucoin testified that when she lived with Mr. Weaver, she did not work and stayed at home while Mr. Weaver worked in order to take care of the child. She stated that they worked together to take care of the child and acknowledged that Mr. Weaver would bathe the child in the evenings "and then most nights he'd put [the child] to sleep." Ms. Aucoin also testified that Mr. Weaver would play with the child before leaving for work in the morning and when he arrived back home in the evening. When specifically asked about Mr. Weaver's parenting skills, Ms. Aucoin stated, "My concerns are not with [the child] right now. He loves babies. He likes to hold them. He loves to feed them and think of creative ways to play with [the child]. That is not my concern." Ms. Aucoin's mother testified that she could not say anything negative about Mr. Weaver being a good father. Ms. Aucoin, as well as her mother, gave no testimony indicating that Mr. Weaver could not care for the child, was known to have any drug or alcohol problems, or was in any way abusive or harmful toward the child.

5

Mr. Weaver confirmed Ms. Aucoin's testimony that he bathed the child every night, played with the child, fed the child a bottle, and put the child to bed most nights.

In its oral reasons for judgment, the trial court stated that there was no doubt that both parents have a great love for and attachment to the child. The trial court noted that the parents did not have significant issues such as physical or substance abuse. However, the trial court commented on the palpable anger between the parents and that they needed to work on their relationship and their communication, although they each had "a few nice things to say about each other as parents." Thereafter, in setting forth its custody plan, the trial court stated that the primary consideration in the custody plan was the young age of the child. The trial court provided no other reasons for the limited physical custody.

In **Ortego v. Ortego**, 09-0240 (La.App. 1 Cir. 12/2/09), 2009 WL 4377426 at *2-3, wit denied, 10-0006, (La. 1/29/10), 25 So.3d 835, regarding a joint custody award, another panel of this court found that the father's physical custody of his two-and-a-half-year-old for only seven out of twenty-eight calendar days was insufficient to ensure frequent and continuing contact with both parents. This court found, in light of the statute that advocates a more generous sharing of the minor child's time between his parents and in the absence of reasons for judgment why it would not be in the best interest of the child to spend more time with his father, that the trial court abused its discretion in the splitting of the child's time approximately 75% with the mother and 25% with the father. See also **Wilson v. O'Neal**, 50,711 (La.App. 2 Cir. 4/13/16), 193 So.3d 207, 214 (visitation of sixty-seven days per year is simply not sufficient time to effectuate the intent of the legislature in LSA-R.S. 9:335 so that the time periods during which the father would have physical custody of his three-year-old child would be enough to assure the child of frequent and continuing contact with both parents); **Dawes v. Dawes**, 17-801 (La.App. 3 Cir. 5/9/18), 245 So.3d 1050, 1051-52 (trial court's award of sixty-two days per year of physical custody to the father of a one-year-old and two-year-old was insufficient and an abuse of discretion, when the record revealed no evidence to suggest that the father's time should be limited).

In the case *sub judice*, the trial court awarded Mr. Weaver thirty hours per week of custodial time with his child, or approximately sixty-five days per year. Further, if Mr. Weaver has to work on Fridays, the time with his child would be reduced to twenty hours per week, or approximately forty-three days per year. Even considering the child's young age, we cannot say that the custody plan is sufficient to assure that the child has frequent and continuing contact with both parents. Based on the record before us and considering LSA-R.S. 9:335, we find that the trial court abused its discretion in awarding approximately 82% of the custodial time to Ms. Aucoin and only 18% to Mr. Weaver. Therefore, we reverse the custody schedule and remand this matter to the trial court to implement a custody plan that effectuates the legislative intent of LSA-R.S. 9:335 and provides Mr. Weaver more frequent contact with his child.

## CONCLUSION

Considering the above, we reverse in part the October 3, 2019 judgment of the trial court, setting forth a plan of custody for Ms. Aucoin and Mr. Weaver, and remand to the trial court for further proceedings consistent with this opinion. Costs of this appeal are assessed against Kayla Josephine Aucoin.

**JUDGMENT REVERSED IN PART AND REMANDED.**